UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LARRY BUSSARD and LINDA BUSSARD, husband and wife,<br><br>                     Plaintiffs,<br><br>   v.<br><br>J.C. PENNEY COMPANY, INC., a corporate entity,<br><br>                     Defendant. | NO: 2:19-CV-0164-TOR<br><br>ORDER OF DISMISSAL |

BEFORE THE COURT is the issue of the Bankruptcy Court's Order of Discharge and Plaintiffs' request for lifting the stay Order.

On June 1, 2020, this case was STAYED by operation of the automatic stay provisions of 11 U.S.C. § 362 when the Defendant initiated bankruptcy proceedings in the Southern District of Texas. ECF No. 26. On August 9, 2022, the Court ordered the Parties to file a joint status report as to the bankruptcy proceeding and whether this case may proceed. ECF No. 27. On September 9,

ORDER OF DISMISSAL ~ 1

2022, the Defendant filed a report indicating that this matter is permanently enjoined and discharged in bankruptcy. ECF No. 33. According to the Defendant:

> Pursuant to the Confirmation Order, any claim, interest, or cause of action against the Debtors or their property that arose before the Effective Date has been discharged and the pursuit of any such claim, interest, or cause of action, whether known or unknown, has been permanently enjoined. Confirmation Order 88. Accordingly, as of May 20, 2020, the automatic stay that applied to above-captioned case during the pendency of the Chapter 11 Cases was replaced by a discharge injunction in accordance with 11 U.S.C. § 524(a)(2), permanently enjoining Larry Bussard and Linda Bussard from pursuing the claims asserted against the Reorganized Debtors and certain of their Affiliates in the above-captioned case outside of the claims reconciliation process administered by the Bankruptcy Court. No order has been entered in the Chapter 11 Cases granting relief from the discharge injunction with respect to the above-captioned case.

ECF No. 33 at 2. Defendant seeks dismissal of this action. *Id*. at 3. Plaintiffs then sought an order lifting the automatic stay and extending time to engage in discovery. ECF No. 37. The Court denied the request to lift the stay and denied discovery. ECF No. 38. On November 29, 2022, the Court ordered that the Plaintiffs "may seek a lifting of the automatic stay from the Bankruptcy Court for the Southern District of Texas, where the bankruptcy proceeding is being administered. Absent a Court Order from the Bankruptcy Court lifting the stay, this Court will dismiss and close the file on January 20, 2023." *Id*. at 2.

ORDER OF DISMISSAL ~ 2

Plaintiffs have not provided this Court with an Order from the Bankruptcy Court lifting the stay and the time to do so has now expired.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

In light of the Bankruptcy Court's Order of Discharge, this case is hereby **DISMISSED** with prejudice.

The District Court Executive is directed to enter this Order, enter Judgment accordingly, provide copies to counsel, and **CLOSE** the file.

DATED January 23, 2023.



THOMAS O. RICE
United States District Judge

ORDER OF DISMISSAL ~ 3